afterwards, within a reasonable time, file any disclaimer, although the act certainly contemplates the neglect or delay to do so to be a good defence both at law and in equity, in every suit, brought upon the patent, to secure the rights granted thereby. However, it is not indispensable in this case to dispose of this point, or of the question of unreasonable neglect or delay, as there is another objection, which in my judgment is fatal, in every view, to the maintenance of the suit in its present form.

The objection, which I deem fatal, is, that the bill states and admits, that the assignment to the plaintiff, Tudor (made in February, 1832), has never yet been recorded in the state department, according to the provisions of the patent act of 1793, c. 55, § 4. That act provides, "That it shall be lawful for any inventor, his executor or administrator, to assign the title and interest in the said invention at any time; and the assignee, having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor, both as to right and responsibility." It seems a necessary, or, at least, a just inference, from this language, that until the assignee has so recorded the assignment, he is not substituted to the right and responsibility of the patentee, so as to maintain any suit at law, or in equity, founded thereon. It is true, that no objection is taken in the pleadings on account of this defect; but it is spread upon the face of the bill, and therefore the court is bound to take notice of it. It is not the case of a title defectively set forth, but of a title defective in itself, and brought before the court with a fatal infirmity, acknowledged to be attached to it. As between the plaintiffs and the defendants, standing upon adverse titles and rights, (whatever might be the case between privies in title and right,) Tudor has shown no joint interest sufficient to maintain the present bill; and therefore it must be dismissed, with costs.

======

## Case No. 18,108.

### Ex parte WYLIE.

[The case reported under the above title in 1 Gaz. 123, is the same as Case No. 18,109.]

======

## Case No. 18,109.

### In re WYLIE.

[2 N. B. R. 137 (Quarto, 53); Bankr. Ct. Rep. 123; 1 Chi. Leg. News, 30; 1 Gaz. 123.] [1]

District Court, D. Maryland. 1868.

ASSIGNEE IN BANKRUPTCY—CONVEYANCE BY REGISTER.

A register has the right to convey the estate to the assignee when there is "no opposing in-

[1] [Reprinted from 2 N. B. R. 137 (Quarto, 53), by permission. 1 Chi. Leg. News, 30, contains only a partial report.]

terest," although the title to the property is in dispute.

[Cited in Re Vogel, Case No. 16,983.]

By B. F. M. HURLEY, Register:

I, the undersigned, having been designated by the court as the register in bankruptcy before whom the proceedings in the above matter of the bankruptcy of William H. Wylie are to be had, do hereby certify that in the due course of such proceedings the following question, pertinent to the same, arose, and was stated: "Has a register the right to assign and convey to the assignee all the estate, real and personal, of the bankrupt, when the title of the property is in dispute, under the fourteenth section of the bankrupt act [14 Stat. 522]?" The facts in the case are these: The bankrupt, on the 12th day of January, 1867, conveyed all his personal property by mortgage to Miss Phœbe J. Thomas, and on the 21st day of October, 1867, he gave a bill of sale of the same property to Grafton Duvall and Wm. H. Crantz. On the 14th day of November, 1867, he executed to Grafton Duvall a deed of trust of all the property heretofore conveyed, for the benefit of his creditors. On the 28th of November, 1867, he commenced proceedings in bankruptcy, and on the 30th of November Duvall took possession of the property by a writ of replevin. On the 4th day of January, 1868, the creditors met and proved their debts, and made choice of an assignee. Among the number of creditors who met and proved their claims was Miss Phœbe J. Thomas, by her duly constituted agent, thereby releasing her claim to the property named in the mortgage under section twenty of the bankrupt act. Your honor refused to confirm the assignee chosen by the creditors, and appointed Frank B. Carlin assignee of the estate. After being duly qualified, I assigned and conveyed to him all the estates, real and personal, under the fourteenth section. Charles W. Ross, Esq., attorney for the assignee, raised the question above stated.

Opinion of the register:

I am of the opinion that the register has the right to assign to the assignee all the estate, both real and personal, where there is no opposition to the assignment. Duvall & Crantz not having proved their claims are not known in the proceedings before me, and in my opinion there is no opposing interest. And the said party requested that the same should be certified to your honor for your opinion thereon.

GILES, District Judge. The register in this case certifies into court the following: "Has the register a right to assign and convey the estate, real and personal, of the bankrupt, when the title of the property is in dispute, under the fourteenth section of the bankrupt act?" I am of the opinion that he has, if there be (in the language of the law) "no opposing interest;" that is, if there be no one before the register contesting the